UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| JUANITA CLAIBORNE, )<br>      Plaintiff, )<br>)<br>  v. )<br>)<br>LOUIS DEJOY, *Postmaster General,* )<br>*United States Postal Service*, *et al.*, )<br>      Defendants. )<br>_____ ) | Civil Action No. 3:24cv333 (RCY) |

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff Juanita Claiborne's application to proceed *in forma pauperis* ("IFP Application")[1] and accompanying proposed Complaint. IFP Appl., ECF No. 1; Proposed Compl., ECF No. 1-1. Based on the financial information set forth in Plaintiff's IFP Application, the Court is satisfied that Plaintiff qualifies for *in forma pauperis* status. Accordingly, Plaintiff's IFP Application, ECF No. 1, will be granted, and the Clerk will be directed to file Plaintiff's Complaint. However, the Court finds that Plaintiff's Complaint suffers from defects that must be addressed before this action may proceed.

**I.  BACKGROUND**

As relevant to the claims before the Court and stated in the light most favorable to Plaintiff, the facts underpinning this action are as follows.

Plaintiff began working for the United States Postal Service ("USPS") as a Tractor Trailer Operator on May 7, 2022.[2] Compl. ¶ 25. In or around late-June/early-July, 2022, and August,

---

[1] When a party proceeds in district court without prepaying fees or costs, it is said that the party is proceeding *in forma pauperis*. As such, the Court will refer to Plaintiff's fee waiver application as an "IFP Application."

[2] Plaintiff previously worked for USPS from February 2019 to May 2019, Compl. ¶ 25, but that employment is not relevant to Plaintiff's present claims.

2022, Plaintiff "was threatened with termination by Donald Hordge in two isolated conversations . . . if Plaintiff refused Tour 1 Relief Run 24." *Id.* ¶ 26. Plaintiff also experienced the following at unspecified times during her employment:[3]

Plaintiff was "denied access to American Postal Workers Union, AFL-CIO representation and the USPS employee grievance process," because she was not a union member. *Id.* ¶ 27.

Plaintiff "was denied the right to use form 3189 Temporary Schedule Change," again because she was not a union member but also "because of Plaintiff's medical/disability condition, [and] Plaintiff's sex." *Id.* ¶ 28.

"Plaintiff's medical/disability condition and symptoms were disclosed by Donald Hordge to persons without Plaintiff's permission," in violation of the Health Insurance Portability and Accountability Act (HIPAA[4]). *Id.* ¶ 31

She was "denied the right to work . . . [o]ver an extended period that lasted several months, light-duty, temporary Tour schedule change." *Id.* ¶ 32.

"Plaintiff was forced to work on Tour 1," in violation of "Plaintiff's medical documentation and doctors' orders, which triggered Plaintiff's medical/disability condition." *Id.* ¶ 33.

When Plaintiff tried to engage with Richmond EEO ADR Specialists (and Defendants) Tanya Roane and Tonza Exum, Roane and Exum "did not remain neutral, ethical, or professional during the EEO initial contact, informal and formal process." *Id.* ¶ 34.

"Plaintiff was denied several opportunities for advancement and craft change." *Id.* ¶ 35.

"Plaintiff was severely harmed" when her "Continuation of Pay was severely delayed," and Plaintiff "was forced to endure almost two months without pay." *Id.* ¶ 36.

---

[3] The Court corrects capitalization and punctuation in quotations from the Complaint.

[4] Plaintiff actually cites "HIPPA," but the Court construes this to be an attempt at invoking HIPPA.

2

Plaintiff was similarly "severely harmed" when Defendant Kendra Macon, the Tour 2 Supervisor, "made the statement several times to various persons that she did not want any 'women' working on her Tour."  *Id.* ¶ 37.  Plaintiff asserts that this statement constituted sex discrimination, and that "[n]o women were assigned to Tour 2 until [Plaintiff] won a bided Run Assignment on Tour 2 in June 2023."  *Id.*

Plaintiff generally alleges that the above instances constituted "workplace bullying, workplace harassment, and a hostile work environment."  *See generally* Compl.  She also alleges that they constituted "act[s] of discrimination against employees who are non-union members."  *Id.*

Plaintiff submitted her claims to the Equal Employment Opportunity Commission (EEOC), which issued Plaintiff a "right to sue" notice on February 13, 2024 (received by Plaintiff on February 19, 2024).  Compl. 10.

## II.  SCREENING STANDARD

When a plaintiff is granted authorization to proceed *in forma pauperis*, the Court is obligated, pursuant to 28 U.S.C. § 1915(e)(2), to screen the operative complaint to determine, among other things, whether the complaint states a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2) (explaining that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted").  A *pro se* complaint should survive only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Although a *pro se* complaint is "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted), such deference "does not mean overlooking the pleading requirements

3

under the Federal Rules of Civil Procedure," *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020). Nor does it require the Court to discern the unexpressed intent of a plaintiff or take on "the improper role of an advocate seeking out the strongest arguments and most successful strategy for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

Pursuant to § 1915's statutory screening obligation, the Court has reviewed Plaintiff's Complaint and in so doing finds that the Complaint fails to state a claim upon which relief may be granted.

Plaintiff presents the following as the bases for her suit:  Sex Discrimination; Retaliation; Hostile Work Environment; Defamation of Character; Deprivation of 14th Amendment Due Process Rights; Workplace Harassment; Americans with Disabilities Act (ADA); Slander; Equal Pay Violation; Reprisal; Deprivation of Federal Employee Vested Property Rights Under the Employee Grievance Procedure; Violations of HIPAA; Violations of Section 7 of the National Labor Relations Act (NLRA). Compl. 1–2.  Separately, Plaintiff states that the Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, her Due Process claims, and the ADA. *Id.* ¶¶ 1–3. These supposed bases notwithstanding, the allegations Plaintiff presents do not amount to claims under any of the foregoing.

Taking the predicates for jurisdiction out-of-order, the Court begins by noting that Plaintiff cannot maintain a claim for violations of her constitutional rights (i.e., her Due Process claim(s)), against any of the Defendants because they are all federal employees and an alternative remedy exists. The Supreme Court has recognized that while an individual may generally recover damages for injuries sustained as a result of a violation by federal officials of an individual's constitutional rights, such claims are *unavailable* where they arise from "an employment

4

relationship governed by procedural and substantive administrative provisions that established an effective remedy for constitutional violations by the government." *Johnson v. Runyon*, 1996 LEXIS 17698, at *4 (4th Cir. 1996) (first citing *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and then citing *Bush v. Lucas*, 462 U.S. 367 (1983)). Here, as an employee of USPS, Plaintiff "had access to the Congressionally approved grievance procedure of the Civil Service Reform Act of 1978 (CSRA), 5 U.S.C. § 1101 (1988)." *Id.* at *5. Because the Fourth Circuit has held "that CSRA remedies are constitutionally adequate and therefore create an insurmountable barrier to a *Bivens* suit in district court," *id.* (citing *Pinar v. Dole*, 747 F.2d 899, 910–12 (4th Cir. 1984), *cert. denied*, 471 U.S. 1016, (1985)), Plaintiff's constitutional claims should be dismissed.  And even if CSRA remedies were, for some reason, unavailable to Plaintiff, Title VII presents an alternative and "exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination." *Id.* (quoting *Newbold v. U.S. Postal Serv.*, 614 F.2d 46, 47 (5th Cir.)).  Accordingly, Plaintiff's constitutional claims—even assuming *arguendo* they were properly supported by non-conclusory allegations—must be dismissed.

Plaintiff's third predicate for subject matter jurisdiction, the ADA, also fails, because the United States Postal Service is not subject to suit under the ADA.  42 U.S.C.A. § 12111(5)(B)(i) (establishing that the term "employer" within the meaning of the ADA "does not include—the United States . . . ."). Thus, to the extent Plaintiff endeavors to state a claim for disability discrimination, *see, e.g.*, Compl. ¶¶ 28, 33, she cannot do so under the ADA. *See Brown v. Henderson*, 6 F. App'x 155, 156 (4th Cir. 2001) (citing *Spence v. Straw*, 54 F.3d 196, 197 (3d Cir. 1995) for its holding that "suit under the Rehabilitation Act of 1973, 29 U.S.C.A. §§ 701-797, 'is

5

the exclusive means by which a plaintiff may raise claims against federal agencies relating to handicap discrimination'").

Finally, Plaintiff has failed to state a claim under Title VII of the Civil Rights Act of 1964. Title VII prohibits employment discrimination (which includes the fostering of a hostile work environment) based on race, color, religion, sex, and national origin.  42 U.S.C. § 2000e-2.  It also prohibits retaliation against an employee who complains of any such discrimination or who otherwise endeavors to exercise their rights under Title VII.  *Id.* § 2000e-3.  Despite her numerous references to "workplace bullying, workplace harassment and a hostile work environment," *see generally* Compl., none of the complained-of activities are tied by anything more than Plaintiff's conclusory allegations to Plaintiff's race, color, religion, sex, or national origin.  Indeed, the only such protected characteristic Plaintiff claims throughout the Complaint is her sex—her claims regarding discrimination she faced for not being a union member do not fall within the ambit of Title VII.  And Plaintiff's few sex-based claims, *e.g.*, Compl. ¶¶ 28 ("Plaintiff . . . was denied the right to use form 3189 Temporary Schedule Change for Plaintiff's convenience, because of . . . Plaintiff's sex . . . ."), 37 ("Kendra Macon made the statement . . . that she did not want any 'women' working on her Tour. . . .  This is Sex Discrimination."), are utterly lacking in sufficient "factual content [to] allow[] the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  As such, Plaintiff fails to state any claim to relief under Title VII.

The remainder of Plaintiff's claims and purported bases for relief—e.g., HIPAA, or the NLRA—even when liberally construed, amount to nothing more than conclusory allegations with no nexus to protected activity, actionable rights, or even specific acts by specific defendants.

### IV. REQUEST FOR APPOINTMENT OF COUNSEL

As a final matter, the Court notes that Plaintiff included in her IFP submission a request that the Court or Clerk appoint counsel on her behalf. ECF No. 1 at 6–7. In civil actions, "the appointment of counsel should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975) (citation omitted). "Exceptional cases" may be found in "meritorious cases involving particularly complex factual or legal issues or where a litigant is unable to represent [himself or] herself adequately." *Ferrer v. Garasimowicz*, No. 1:13cv797, 2013 U.S. Dist. LEXIS 139939, at *3 (E.D. Va. Sept. 27, 2013).

Based on this standard, Plaintiff has not established that the appointment of counsel is justified at this time. For the reasons set forth in the Court's § 1915 screening analysis, above, Plaintiff has not alleged sufficient facts to demonstrate that she has potentially meritorious claims. Accordingly, Plaintiff's request for appointment of counsel will be denied without prejudice.

### V. CONCLUSION

Having found that Plaintiff has failed to state any claim upon which relief may be granted, the Court finds that dismissal of this action is warranted. However, in deference to Plaintiff's *pro se* status, the Court will not yet dismiss this action. Instead, the Court will ORDER Plaintiff to SHOW CAUSE why this action should not be dismissed.

An appropriate Order will accompany this Memorandum Opinion.

                                                                                /s/ *RCY*
                                                           Roderick C. Young
                                                          United States District Judge

Date: May 21, 2025
Richmond, Virginia