UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

JUANITA CLAIBORNE,                    )
      Plaintiff,                         )
                                      )
v.                                    )          Civil Action No. 3:24cv333 (RCY)
                                      )
LOUIS DEJOY, *Postmaster General,*    )
*United States Postal Service, et al.,* )
      Defendants.                        )
_____ )

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff's Motion to Inquire into Status of Case, ECF No. 8.  In reviewing the same, the Court became aware that, due to administrative oversight, Plaintiff's Amended Complaint, filed in response to the Court's Order to Show Cause, had yet to be addressed.  Accordingly, the Court addresses both the Motion and the Amended Complaint herein.

On May 21, 2025, the Court granted Plaintiff leave to proceed *in forma pauperis* but directed Plaintiff to file an Amended Complaint curing the deficiencies noted in the Order to Show Cause and accompanying Memorandum Opinion.  Order, ECF No. 3.  Plaintiff was warned that failure to comply with the terms of the Order to Show Cause could result in dismissal of the action. *Id.*  On June 23, 2025, the Court granted Plaintiff an extension of time to file her particularized Amended Complaint, setting a new deadline of August 19, 2025, and warning her again that failure to timely file would result in dismissal of the action.  Order, ECF No. 6.  On September 17, almost a month after expiration of her extended filing deadline, Plaintiff filed an Amended Complaint, ECF No. 7, which became the operative Complaint in this action, per the Court's Order to Show Cause.  No further action was taken by the Court, however, and Plaintiff has now filed the instant Motion to Inquire into Status of Case.  ECF No. 8.

In addition to being filed after the extended deadline imposed by the Court, the Amended Complaint fails to cure the deficiencies noted in the Order to Show Cause or otherwise abide by the terms of the Order. Most particularly, the Amended Complaint is replete with conclusory legal assertions, and the remainder fails to allege facts upon which the Court could reasonably infer that she was discriminated against on the basis of a protected characteristic. *Compare* Mem. Op., ECF No. 2 (explaining the need for Plaintiff to plausibly allege a nexus between a protected characteristic and the alleged discriminatory acts and otherwise identifying nothing but conclusory statements in support of her other claims), *with* Am. Compl., ECF No. 7 (failing to address the same deficiencies). Additionally, the Amended Complaint includes fifteen pages of single-spaced allegations (both factual and conclusory legal assertions), which in and of itself fails to satisfy the short and plain statement of claim pleading standard of Federal Rule of Civil Procedure 8 and otherwise serves as an independent basis for rejection of the Amended Complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (providing that "District judges are not mind readers," nor is their role to serve as "an advocate seeking out the strongest arguments and most successful strategies for a [*pro se*] party"); *Powhatan Cnty. Sch. Bd. v. Skinger*, 2025 U.S. Dist. LEXIS 104564, at *20–21 (E.D. Va. June 2, 2025); *Holsey v. Collins*, 90 F.R.D. 122, 124, 129 (D. Md. 1981) (dismissing voluminous complaint and accompanying supplemental filings where potentially cognizable claims were "obscured . . . by the employment of a 'shotgun pleading' technique," noting that "the blunderbuss allegations" prevented reaching any even possibly meritorious claims).

Accordingly, both because Plaintiff failed to file her Amended Complaint by the extended deadline set by the Court and because Plaintiff failed to show good cause why the action should not be dismissed by curing the deficiencies previously noted, the action will be dismissed without prejudice. The Court reincorporates its denial of Plaintiff's request for appointment of counsel,

2

articulated in its prior Memorandum Opinion, as Plaintiff has not demonstrated any changed or otherwise exceptional circumstances justifying the appointment of counsel in this case.

An appropriate Order shall issue.

_____ /s/ 
Roderick C. Young
United States District Judge

Date:  April 15, 2026
Richmond, Virginia

3